UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

C. WOOLF & SONS MARINE, INC.,
JOHN NORMAN, DAVID KNECHT, JR.,
ANDRES BELLO, EDGAR MONTOYA,
ROBERTO CONCEICAO, CHESTER
GRENADE, MIGUEL MARTINEZ,
TONY BLONSHINE and SHANNON
BURAK,

        Plaintiffs,
vs.                            CASE NO._____

CITY OF TAMPA,

        Defendant.
_____/

## COMPLAINT

COME NOW the Plaintiffs, C. WOOLF & SONS MARINE, INC., JOHN NORMAN, DAVID KNECHT, JR., ANDRES BELLO, EDGAR MONTOYA, ROBERTO CONCEICAO, CHESTER GRENADE, MIGUEL MARTINEZ, TONY BLONSHINE and SHANNON BURAK ("Plaintiffs"), and hereby sue the Defendant, City of Tampa, and as grounds therefore, states as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief brought pursuant to 28 U.S.C. § 2201 et. seq., to declare that the City of Tampa's enforcement of City Ordinance 16-77 is unconstitutional and not permitted under §327.60, Florida Statutes, and to declare that the City of Tampa's enforcement of a purported aviation lease of the submerged lands in the Davis

Islands Seaplane Basin violates the public's right to use the navigable waters of the United States.

2. The declaratory relief being sought involves a real and present case and controversy in that the City of Tampa has provided Notice to each Plaintiff that they have allegedly violated §327.60, Fla. Stat. and/or a claimed aviation easement and have impounded or threatened to impound Plaintiffs vessels. The parties are in need for immediate determination of the rights and obligations pursuant to the City Ordinance and alleged aviation easement.

3. The parties are in doubt as to their rights and obligations under the City Ordinance and aviation lease at issue, and this action does not constitute pursuit of mere legal advice.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1333 in that the matters alleged concern the public's right to use the navigable waters of the United States pursuant to the Art. I § 8, cl. 3 of the United States Constitution (the "Commerce Clause") and the general maritime law.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Davis Island Seaplane Basin is located within the jurisdiction of this Court, and all parties are domiciled within this district.

## PARTIES

6. Plaintiffs John Norman, David Knecht, Jr., Andres Bello, Edgar Montoya, Roberto Conceicao, Miguel Martinez, Tony Blonshine, and Shannon Burak are all residents of the City of Tampa and citizens of the State of Florida.

7. Plaintiff C. Woolf & Sons Marine, Inc. ("Woolf"), is a Florida corporation with its principal place of business in Land O'Lakes, Florida within this district.

8. Plaintiff Chester Grenade is a resident of Crystal River, Florida and a citizen of the State of Florida.

9. Defendant, City of Tampa, is a municipality and sovereign entity of the State of Florida.

10. The Defendant City of Tampa operates and governs the Tampa Police Department pursuant to the laws of Florida.

## FACTUAL ALLEGATIONS

11. Plaintiffs each own a vessel which at all material times were anchored in the navigable waters of the United States in the Davis Islands Seaplane Basin in Tampa Bay, Florida.

12. Plaintiff Woolf is the owner of the M/Y DOG HOUSE, which at all material times was anchored with no mooring ball or other floating buoy marking the anchor, and the anchor was removable by the vessel's equipment.

13. Plaintiff Gonzalez is the owner of a 32' sailboat, which at all material times, was anchored by two anchors. The vessel's anchor was not affixed to a mooring ball or any other permanent marker.

14. Plaintiff Andres Bello is the owner of a 26' Catalina sailboat, which at all material times was anchored in the David Island Seaplane Basin.

15. Plaintiff Tony Blonshine is the owner of a sailboat and a dinghy with outboard, which at all material times was anchored in the David Island Seaplane Basin.

16. None of the vessels owned by Plaintiffs are used solely as a residence, represented as a place of business or a professional or other commercial enterprise, and no vessel has had a declaration of domicile filed pursuant to § 222.17, Fla. Stat.

17. None of the Plaintiffs' vessels are a "houseboat" as that term is defined in § 327.02(15), Florida Statutes.

18. Neither the State of Florida nor the City of Tampa has established a public mooring field within the territory of the City of Tampa.

19. At various times in the past, the City of Tampa Police Department has placed notices on Plaintiffs vessels stating that the vessels were in violation of City Ordinance 16-77, § 327.60(3), Fla. Stat., and/or within a boundary for the exclusive use of the Hillsborough County Aviation Authority.

20. After receiving the notices, Plaintiffs informed the City of Tampa that its attempted enforcement of the alleged violations was contrary to law.

21. Beginning on or about July 26, 2016, and continuing through the date this lawsuit was filed, the City of Tampa Police Department has been impounding anchored vessels from the Davis Island Seaplane Basin.

22. On July 26, 2016, the City of Tampa Police Department boarded the DOG HOUSE, cut its line, and towed the vessel to Marjorie Park Marina.

23. On or about June 10, 2016, the City of Tampa Police Department cut the anchor line for Mr. Gonzalez' sailboat and towed the vessel to the Marjorie Park Marina.

24. On or about July 26, 2016, the City of Tampa Police Department raised the anchor line for Plaintiff Bello's 26' Catalina and placed it on deck, then towed the vessel to the Marjorie Park Marina.

25. On or about August 17, 2016, the City of Tampa Police Department raised the anchor on Plaintiff Blonshine's dinghy, dragged it across the concrete and removed the vessel using a wrecker.

### COUNT I – DECLARATORY JUDGMENT REGARDING THE CITY OF TAMPA'S ENFORCEMENT OF ORDINANCE 16-77 AND § 327.60(3), FLA. STAT.

26. Plaintiffs incorporate paragraphs 1 through 25 of the Complaint as if fully restated and alleged herein.

27. The City of Tampa enacted Ordinance 16-77 on or about August 20, 2009, as part of Ordinance Number 2009-125, § 117.

28. Ordinance 16-77, attempts to regulate vessels "Anchoring or mooring in mooring fields and jurisdictional waters."

29. Ordinance 16-77 prohibits the anchoring or mooring of "floating structures or live-aboard vessels" unless they are "properly anchored or moored in a city marina or designated mooring field."

30. None of Plaintiff's vessels are "floating structures" or "live-aboard vessels as defined by § 372.02(11) and (19).

31. City Ordinance 16-77 does not apply to the Vessels owned by Plaintiffs, however, the City of Tampa notified Plaintiffs that their anchored vessels violated the City Ordinance and impounded or threatened to impound vessels based on said Ordinance.

32. §327.60(2)(f) and (3), Fla. Stat. prohibits the City of Tampa from enacting, continuing and enforcing laws regulating the anchoring of non live-aboard vessels outside of a validly established mooring field. It states:

> 2) Nothing in this chapter or chapter 328 shall be construed to prevent the adoption of any ordinance or local regulation relating to operation of vessels, except that a county or municipality shall not enact, continue in effect, or enforce any ordinance or local regulation:
>
> > f) Regulating the anchoring of vessels other than live-aboard vessels outside the marked boundaries of mooring fields permitted as provided in s. 327.40;
>
> 3) Nothing in this section shall be construed to prohibit local governmental authorities from the enactment or enforcement of regulations which prohibit or restrict the mooring or anchoring of floating structures or live-aboard vessels within their jurisdictions or of any vessels within the marked boundaries of mooring fields permitted as provided in s. 327.40. However, local governmental authorities are prohibited from regulating the anchoring outside of such mooring fields of vessels other than live-aboard vessels as defined in s. 327.02.

33. §327.60(2)(f) and (3), Fla. Stat. prohibit the City of Tampa from enforcing any ordinance or regulation concerning the anchoring of vessels outside the boundaries of any mooring field.

34. The City of Tampa's enforcement of its regulation is prohibited by Florida Law.

35. Plaintiffs are left with no adequate remedy as the City of Tampa has impounded and threatened to impound Plaintiffs vessels even though it informed the City of Tampa that Florida Law prohibits its enforcement actions.

WHEREFORE, Plaintiffs demand that this Court declare that the City of Tampa's enforcement of its ordinance is contrary to Florida law, enjoin any further enforcement action, and award Plaintiffs costs plus any other and further relief this Court deems just in the premises.

## COUNT II – DECLARATORY JUDGMENT REGARDING THE CITY OF TAMPA'S VIOLATION OF THE PUBLIC'S RIGHT TO NAVIGATION

36. Plaintiffs incorporate paragraphs 1 through 25, and 32 through 35 of the Complaint as if fully re-stated and alleged herein.

37. The submerged land of the Davis Islands Seaplane Basin is Public land.

38. The navigable waters of the United States within the Davis Islands Seaplane Basin are public property in which the public has a right to access.

39. The City of Tampa has no right to prohibit the public from enjoying the public's navigational servitude by virtue of its ownership of the submerged lands or ownership of riparian lands above the high-water mark.

40. The City of Tampa's impounding of vessels and threatened impoundment of vessels anchored in the Davis Islands Seaplane Basin because of a purported lease of submerged and riparian lands to another public entity, the Hillsborough County Aviation Authority, violates the public's right to access and use the navigable waters of the United States.

41. The City of Tampa's impounding of vessels and threatened impoundment of vessels anchored in the Davis Islands Seaplane Basin because of a purported lease of submerged and riparian lands to another public entity, the Hillsborough County Aviation Authority also violates §327.60, Fla. Stat. in that the City of Tampa is improperly regulating the anchorage of vessels outside a mooring field in violation of said statute.

WHEREFORE, Plaintiffs demand that this this Court declare that the City of Tampa's enforcement of its ordinance and alleged aviation lease is unconstitutional and contrary to Florida law, enjoin any further enforcement action, and award Plaintiffs costs plus any other and further relief this Court deems just in the premises.

## JURY DEMAND

42. Plaintiffs demand trial by jury for all issues so triable.

Dated: August 29, 2016

Respectfully submitted,

Eric C. Thiel – FBN 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, Florida  33602
Telephone: (813) 221-1500
Facsimile:  (813) 222-3066
Service-ethiel@bankerlopez.com

and

Clayton Bricklemyer – FBN 792861
Bricklemyer Law Group
1304 S. DeSoto Avenue, Suite 304
Tampa, FL  33606
Telephone:  (813) 229-7700
Facsimile:  (813) 255-2714
clayton@bricklawgroup.com